UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————————————x

ISRAEL IRIARTE,
*on behalf of himself, FLSA Collective Plaintiffs,*
*and the Class,*

        Plaintiffs,

        -against-

CAFÉ 71, INC. d/b/a CAFÉ 71,
94 CORNER CAFÉ CORP. d/b/a 94 CORNER CAFÉ,
ALEXANDER ZARWI,
and MOHINDER SINGH,

        Defendants.

—————————————————————————————————x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  12/11/15
```

No. 15 Civ. 3217 (CM)

## MEMORANDUM DECISION AND ORDER

McMahon, J.:

On April 23, 2015, Plaintiff Israel Iriarte, brought a collective action against Defendants,

Café 71, Inc. d/b/a Café 71 ("Café 71"), 94 Corner Café Corp. d/b/a 94 Corner Café ("94 Corner

Café"), Alexander Zarwi ("Zarwi") and Mohinder Singh ("Singh") alleging failure to

compensate Plaintiff overtime wages for work performed in excess of forty hours in a workweek

pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and the New York

Labor Law ("NYLL"), and also for failure to compensate Plaintiff the New York State minimum

wage and failure to provide Plaintiff with a notice and/or statement of Plaintiff's rate of pay and

allowance, if any, at the time of hiring pursuant to NYLL § 195(1).

1

Plaintiff moved seeking (1) conditional collective action certification for his FLSA claim,[1] (2) court facilitated notice pursuant to § 216(b) of the FLSA, including approval of the proposed FLSA notice in both an English and Spanish translation, (3) production of names, title, compensation rate, hours worked per week, period of employment, Social Security numbers, email addresses and all known telephone numbers of all cooks, dishwashers, grill workers, deli workers, sandwich preparers, salad preparers, cashiers, pizza makers, and delivery persons who worked for Defendants at the Cafés in the last 6 years, (4) an order directing Defendants to post the court authorized notice, along with the consent forms, in a conspicuous location at each of the Cafés, and (5) equitable tolling of the FLSA statute of limitations until such time that Plaintiff is able to send notice to potential opt-in plaintiffs. Defendants oppose the conditional certification of the collective action.

For the following reasons, Plaintiff's motion is GRANTED.

## BACKGROUND[2]

Plaintiff alleged that Defendants control and operate two food service establishments in Manhattan: one at 2061 Broadway ("Café 71"), and another at 2518 Broadway ("94 Corner Café," and, together with Café 71, the "Cafés"). (Compl. ¶ 6). The Cafés allegedly operate as a single integrated enterprise: they engage in related activities; share common ownership and have

---

[1] Plaintiff does not currently seek class certification of his state law claims under the Federal Rules of Civil Procedure Rule 23.

[2] The following facts, assumed to be true for purposes of the instant motion, are drawn from the allegations in the Complaint, Docket No. 1, and the declaration filed by Plaintiff in support of his motion, Docket No. 14 ("Iriarte Dec."). At the conditional certification stage, the Court may not "resolve factual disputes" or "make credibility determinations." *Costello v. Kohl's Illinois, Inc.,* No. 13 Civ. 1359(GHW), 2014 WL 4377931, at *7 (S.D.N.Y. Sept. 4, 2014) (quoting *Lynch v. United Servs. Auto. Ass'n,* 491 F.Supp.2d 357, 368 (S.D.N.Y. 2007) (internal quotation marks omitted)). Accordingly, in resolving the collective certification motion, the Court assumes all facts alleged by plaintiffs to be true.

2

a common business purpose; share similar menu items and share a common look and feel; and merchandise and employees are interchangeable amongst the Cafés. (*Id.* at 7).

Plaintiff was employed as a delivery person, pizza maker, and sandwich preparer at Café 71 and worked on an as needed basis at 94 Corner Café from November 2014 to April 2015. (Iriarte Dec. ¶ 1). Plaintiff alleged that he never received a wage and hour notice as required under New York State Law, and he was paid solely in cash so he was never provided any form of wage statements in violation of state law. (*Id.* ¶¶ 10-11).

Plaintiff asserted that throughout his employment he was scheduled to work ten hours a day for six days a week, for a total of sixty hours per week. (*Id.* ¶ 5). He also alleged that he was paid an hourly rate of $8.50 for all hours worked, including all hours over 40 hours per week. (*Id.* ¶ 6). As a result of this, from January 1, 2015 until the termination of his employment, Plaintiff was paid below the New York State minimum wage rate of $8.75 per hour for the hours he worked. (*Id.* ¶ 8). Finally, Plaintiff alleged that throughout his employment with Defendants he was never given a proper meal break when he worked six hours or more in a work day. (*Id.* ¶ 9).

Plaintiff asserted that based on his personal observations and conversations with other employees, others employed at the Cafés were also not paid the minimum wage under New York State Law and they were not paid overtime even though they worked more than 40 hours per week. (*Id.* ¶¶ 4-11). In Plaintiff's Declaration, he provided a list of the first names of eleven other employees who were subjected to these same wage and hour policies. (*Id.* ¶ 4). Three of these employees worked primarily at 94 Corner Café and eight worked primarily at Café 71. (*Id.*). Plaintiff noted the list did not include all the employees who were subject to the same policies. (*Id.*).

3

Plaintiff moved for conditional certification of the collective class and Defendants opposed the motion. However, Defendants seem to have misunderstood the standard for conditional certification of a collective action, and instead argued that the proposed class does not meet the requirements of Rule 23. Defendants also argue Plaintiff's counsel is inadequate to represent the class.

## DISCUSSION

## I.     Certification of a Conditional Collective Action Pursuant to the FLSA §216(b)

### A.     FLSA and Collective Actions

The FLSA requires employers to compensate their employees "not less than one and one-half times the regular rate at which [the employee] is employed" for each hour worked in excess of forty hours per workweek, 29 U.S.C. § 207(a)(1). FLSA § 216(b) creates a private right of action for employees to recover any unpaid overtime if their employers violate FLSA § 207. § 216(b) also provides employees with the option of bringing a collective action against their employer:

> An action ... may be maintained against an employer ... in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Collective actions were created to promote the "efficient adjudication of similar claims, so 'similarly situated' employees, whose claims are often small and not likely to be brought on an individual basis, may join together and pool their resources to prosecute their claims." *Lynch v. United States Auto. Ass'n*, 491 F.Supp.2d 357, 367 (S.D.N.Y. 2007) (citing *Hoffmann–La Roche Inc.v. Sperling*, 493 U.S. 165 (1989)). Unlike Federal Rules of Civil Procedure Rule 23 class actions, FLSA collective actions require similarly situated employees to

4

affirmatively opt-in and be bound by any judgment. *Myers v. Hertz Corp.*, 624 F.3d 537, 542 (2d Cir. 2010).

There are three essential features of a collective action bought under FLSA § 216(b). First, an employee must "opt-in," which means the employee must consent in writing to be included in the action and the consent must be filed in court. Second, "the statute of limitations runs on each employee's claim until his individual consent form is filed with the court." Third, courts may order notice to be sent to potential similarly situated employees "to inform them of the opportunity to opt-in the case." *Lynch,* 491 F.Supp.2d at 367.

**B.    The Second Circuit's Two-Step Process for Certifying a Collective Action**

The Second Circuit has identified a two-stage process for deciding whether certification is proper. *See*, *Myers*, 624 F.3d at 554–54; *Hamadou v. Hess Corp.*, 915 F.Supp.2d 651, 660 (S.D.N.Y. 2013); *Lynch*, 491 F.Supp.2d at 367–68. In the first stage, the court looks at the pleadings and affidavits filed with the court to determine if plaintiff satisfies "the minimal burden of showing that the similarly situated requirement is met." *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (citing *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005)); *see also*, *Myers*, 624 F.3d at 555; *Hamadou*, 915 F.Supp.2d at 660. If the court finds that the plaintiff has shown that the potential opt-in employees are similarly situated, the court will conditionally certify the collective action, send notice to the potential class members, and extend the potential class members the opportunity to opt-in to the collective action. *See*, *Hamadou*, 915 F.Supp.2d at 660; *Iglesias–Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 367 (S.D.N.Y. 2007).

The second stage occurs after discovery. The court examines the record and "undertakes a more stringent factual determination as to whether members of the class are, in fact, similarly situated." *Lynch*, 491 F.Supp.2d at 368; *see also*, *McGlone v. Contract Callers, Inc.*, 867

5

F.Supp.2d 438, 442 (S.D.N.Y. 2012). If the court determines that the class members and the named plaintiff are not similarly situated, then the court may "de-certify the class and dismiss the claims of the opt-in plaintiffs without prejudice." *Lynch*, 491 F.Supp.2d at 368 (citing *Iglesias–Mendoza*, 239 F.R.D. at 367).

Because Plaintiff's motion is for conditional certification of the collective action, the Court only needs to determine if Plaintiff and the potential class members are similarly situated on a preliminary basis.

### C.   Standard for Conditional Collective Action Certification

The FLSA does not define the term "similarly situated." *Iglesias–Mendoza*, 239 F.R.D. at 367. However, courts have held the plaintiff's "burden for demonstrating that potential plaintiffs are similarly situated is very low at the [initial] stage." *Lynch*, 491 F.Supp.3d at 368. This low burden serves the "broad remedial purpose of the FLSA." *Hamadou*, 915 F.Supp.2d at 661 (quoting *Raniere v. Citigroup*, 827 F.Supp.2d 294, 319 (S.D.N.Y. 2011) rev'd and remanded on other grounds, 533 F. App'x. 11 (2d Cir. 2013)).

In order to adequately show that potential class members are similarly situated in the first stage, plaintiffs only need to make "a modest factual showing ... to demonstrate that ... the potential [class members and the plaintiff] together were victims of a common policy or plan that violated the law." *Iglesias–Mendoza*, 239 F.R.D. at 367–68 (quoting *Realite v. Ark Rest. Corp.*, 7 F.Supp.2d 303, 306 (S.D.N.Y. 1998)); *see also*, *Hamadou*, 915 F.Supp.2d at 661; *Indergit v. Rite Aid Corp.*, No. 08 Civ. 9361(PGG), 2010 WL 2465488 at *3 (S.D.N.Y. June 16, 2010). However, although Plaintiff's burden at this stage is low, "it is not non-existent," and he cannot rely upon "unsupported assertions." *Id.* (quoting *Ali*, 2013 WL 1245543, at *2). In assessing the adequacy of a plaintiff's showing, district courts look to pleadings, affidavits, and declarations, but often authorize notice based "solely on the personal observations of one plaintiff's affidavit."

6

*Hernandez v. Bare Burger Dio Inc.,* No. 12–cv–7794 (RWS), 2013 WL 3199292, at *3

(S.D.N.Y. June 25, 2013) (collecting cases).

At the initial stage, courts do "not resolve factual disputes, decide substantive issues

going to the ultimate merits, or make credibility determinations." *Lynch*, 491 F.Supp.2d at 368.

*See also*, *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997); *Shajan v. Barolo,

Ltd.*, No. 10 Civ. 1385(CM), 2010 WL 2218095 at *1 (S.D.N.Y. June 2, 2010).  In fact, courts do

not weigh the merits of the underlying claims to determine whether potential members are

similarly situated.  *Lynch*, 491 F.Supp.2d at 368; *see also*, *Young v. Cooper Cameron Corp.*, 229

F.R.D. 50, 54 (S.D.N.Y. 2005).

Most significantly, the standards for class certification under Federal Rules of Civil

Procedure Rule 23 do not apply to FLSA collective actions.  *Lynch*, 491 F.Supp.2d at 369.

Therefore, in order to certify a collective action under the FLSA, Plaintiff does not need to show

numerosity, typicality, community, or adequacy of representation.  *Id.*; *Iglesias–Mendoza*, 239

F.R.D. at 369.

## D.    Plaintiff has met the similarly situated requirement for conditional certification of a collective action

Plaintiff seeks a conditional certification of a collective action on behalf of similarly

situated employees who served as cooks, dishwashers, grill workers, deli workers, sandwich

preparers, salad preparers, cashiers, pizza makers, and delivery persons at the Cafés.  Courts

have routinely certified conditional collective actions based on the plaintiff's affidavit declaring

they have personal knowledge that other coworkers were subjected to similar employer practices.

*See, Guo Qing Wang v. H.B. Rest. Grp., Inc.*, No. 14-CV-813 CM, 2014 WL 5055813, at *4

(S.D.N.Y. Oct. 7, 2014); *Iglesias–Mendoza,* 239 F.R.D. at 368; *Sanchez v. Gansevoort Mgmt

Grp., Inc.,* No. 12 Civ. 75(KBF), 2013 WL 208909 at *1 (S.D.N.Y. Jan. 10, 2013); *Hernandez v.*

7

*Bare Burger Dio Inc.,* No. 12 Civ. 7794(RWS), 2013 WL 3199292 at \*3 (S.D.N.Y. June 25, 2013); *Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.,* No. 12 Civ. 265(PAE), 2012 WL 1981507 at \*1 (S.D.N.Y. June 1, 2012); *Harhash v. Infinity W. Shoes, Inc.,* No. 10 Civ. 8285(DAB), 2011 WL 4001072 at \*3–4 (S.D.N.Y. Aug. 25, 2011).

Here, Plaintiff asserts that he was required to work sixty hours a week and was denied overtime. (Iriarte Decl. ¶¶ 5-6). Plaintiff also declares he has personal knowledge from his observations and his conversations with his coworkers that he and "all other employees at the Cafés" were victims of Defendant's practices of not compensating its staff overtime wages for every hour they worked in excess of forty hours. (*Id.* ¶ 6). Therefore, Plaintiff has satisfied the low burden that he is similarly situated with the proposed class members.

Ignoring the applicable standard for conditional certification of a collective action, Defendants tried to defeat Plaintiff's motion by arguing that the proposed class meets "none of the tenets of Rule 23." However, as stated above, the standards for class certification under Federal Rules of Civil Procedure Rule 23 do not apply to FLSA collective actions. *Lynch,* 491 F.Supp.2d at 369. Defendants should hold onto these arguments in case Plaintiff makes a Rule 23 motion to certify the applicable state law claims.

Defendants also tried to defeat Plaintiff's motion by arguing Plaintiff's declaration contains false statements and by submitting their own evidence that all employees were paid according to the law. However, at this initial stage, the Court does not resolve these sorts of factual disputes. *Pippins v. KPMG LLP,* No. 11 Civ. 0377(CM(JLC), 2012 WL 19379 at \*12 (S.D.N.Y. Jan. 3, 2012). "[I]f [P]laintiff's allegations are sufficient on their face to support conditional certification, ... Defendant may not defeat the Plaintiff's motion by presenting

8

conflicting factual assertions." *Jeong Woo Kim v. 511 E. 5th St., LLC,* 985 F.Supp.2d 439, 449 (S.D.N.Y. 2013).

Therefore, at this preliminary stage, Plaintiff's motion for conditional certification of a collective action is GRANTED.

**II.    Notice**

Even though FLSA § 216(b) does not expressly mention court-authorized notice for potential similarly situated employees, it is "well settled that district courts have the power to authorize an FLSA plaintiff to send such notice." *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp.2d 101, 103–04 (S.D.N.Y. 2003) (internal citations and quotations omitted); *see also*, *Hoffman*, 982 F.Supp. at 261 ("District courts have the discretionary power to authorize the sending of notice to potential class members in a collective action brought pursuant to § 216(b) of FLSA."); *Hoffman–La Roche Inc.*, 493 U.S. at 174; *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349(DC), 2006 WL 278514 at *2 (S.D.N.Y. Feb. 2, 2006). "[C]ourts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management." *Hoffman*, 982 F.Supp. at 262. The threshold question before authorizing notice is "whether [P]laintiff [has] demonstrated that potential class members are similarly situated." *Id.* at 261. Therefore, since the Court has already held that Plaintiff satisfied his burden of showing that he is similarly situated with potential class members, Plaintiff's request for notice is authorized.

**A.    Class Definition and Statute of Limitations**

Plaintiff alleges that he has personal knowledge that all employees at the Cafés, including cooks, dishwashers, grill workers, deli workers, sandwich preparers, salad preparers, cashiers, pizza makers, and delivery persons, were subjected to the similar wage and hour practices by the Defendant. Thus, the Court will certify the collective class for cooks, dishwashers, grill workers,

9

deli workers, sandwich preparers, salad preparers, cashiers, pizza makers, and delivery persons at the Cafés.

Plaintiff also argues that it is appropriate for this Court to certify the FLSA opt-in class for the entire six-year statute of limitations period applicable to the New York Labor Law claims. Plaintiff argues that this is "common practice" in the Second Circuit where plaintiffs assert claims under both the FLSA and the NYLL. Here he is incorrect.

The FLSA has a two-year statute of limitations, except in the case of willful violations, for which the statute of limitations is three years. *See* 29 U.S.C. § 255(a). Where willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action. *See Iglesias–Mendoza,* 239 F.R.D. at 369. Because the Defendants do not contest the appropriate time frame for the collective action (as the Defendants only discuss Rule 23 class certification) a three year notice period is appropriate in this case.

Some courts in this Circuit have apparently also granted six year notice periods citing the economy of providing notice to plaintiffs with FLSA claims who may also have NYLL claims subject to a six-year statute of limitations. *See, e.g., Schwerdtfeger,* 2011 WL 2207517, at *6; *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 410-11 (S.D.N.Y. 2012); *Gani v. Guardian Serv. Indus. Inc.,* No. 10 Civ. 4443, 2011 WL 167844, at *2 (S.D.N.Y. Jan. 13, 2011). However, many other courts only permit the sending of § 216(b) notice to employees who fall in the three year window, citing, (1) the confusion caused by notifying plaintiffs who potentially have two disparate claims with different statutes of limitations and (2) the inefficiency of providing notice to plaintiffs whose claims may well be time-barred. *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 564 (S.D.N.Y. 2013).

It makes no sense to notify people about a claim that may never concern them. Since a Rule 23 claim is an opt-*out*, not an opt-*in*, claim, no person who has claims only under the NYLL will be prejudiced if the § 216(b) notice goes only to those who will benefit from receiving it. Until Plaintiff seeks Rule 23 certification — and establishes his ability to represent a class under the rigorous standard of Rule 23 — the Court thus authorizes a three year notice period.

**B.      Form of the Proposed Notice**

Plaintiff has provided a form of Notice to this Court, and it is approved in its entirety.

The Plaintiff has also requested to be able to send the Notice out in an English and Spanish translation, as many of the potential opt-in plaintiffs in this case will be of Spanish background. Other courts in this Circuit have allowed Notice and Consent forms to be sent out in multiple languages, *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 635 (S.D.N.Y. 2007), so therefore Plaintiff can send out a Spanish translation in this case as well.

**C.      Names and Addresses of Potential Opt-In Plaintiffs**

Plaintiff has also requested an Excel list of the names, title, compensation rate, hours worked per week, period of employment, Social Security numbers, email addresses and all known telephone numbers of all the potential opt-in plaintiffs.

"Courts within [the Second Circuit] routinely grant plaintiff's motions to compel production of the *names and addresses* of potentially similarly situated employees...." *Anglada v. Linens 'N Things, Inc.,* No. 06 Civ. 12901(CM)(LMS), 2007 WL 1552511 at *7 (S.D.N.Y. Apr. 26, 2007), *report and recommendation adopted* (May 22, 2007)(emphasis added). Such discovery has been permitted in other cases where it was relevant to the subject matter of the action, and where there were no other grounds to limit that discovery under the facts and circumstances of that suit. *See Hoffmann-La Roche,* 493 U.S. at 170, 110 S.Ct. 482 (1989); *Realite,* 7 F. Supp. 2d, at 309-10.

11

In this case, however, Plaintiff has asked for much more than the names and addresses of the potential opt-in plaintiffs. In fact, Plaintiff did not even ask for the addresses of potential opt-in plaintiffs in the list of information he requested. Plaintiff has not provided any authority granting such a comprehensive request in connection with conditional certification, nor has the Court been able to find such a case. Plaintiff suggests no reason why he requires all this information in order to send § 216(b) notice, and frankly, until a person opts into the claim, such personal information as email addresses and Social Security numbers are none of Plaintiff's business.

Only the names and current or last known addresses of class members shall be provided to the Plaintiff. *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 324 (S.D.N.Y. 2007); *see also Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 564 (S.D.N.Y. 2013). The Defendants should provide this information to Plaintiff's counsel within ten days of this Order. If, in the future, many of the notice and consent forms are returned as undeliverable, Plaintiff can then make a motion and ask that the Defendants provide him with the email addresses or other identifying information about the potential opt-in members whose Notice was returned.

### D.    Posting Notice in the Cafés

Plaintiff requests that the Defendants post the notice, along with the consent forms, in a conspicuous location at any time during regular business hours at each of the Cafés.

"Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." *Whitehorn,* 767 F. Supp. 2d at 449. "Posting notice in the workplace maximizes potential plaintiffs' opportunities to be informed of the pendency of the litigation and consider whether to opt in." *Mendoza v. Ashiya Sushi 5, Inc.,* No. 12 Civ. 8629(KPF), 2013 WL 5211839 at *9 (S.D.N .Y.

Sept. 16, 2013). Accordingly, Defendant is ordered to post the Notice and the consent forms in common, non-public employee spaces at each of the Cafés, where the Notice and the consent forms will be easily visible to covered employees. The Defendants need to post both the English and Spanish translations of the documents.

## III.    Equitable Tolling

Plaintiff finally requests that the Court toll the limitations period for the FLSA claims until such time that they are able to send notice to the potential opt-in plaintiffs. Unlike Rule 23 class actions, in a FLSA collective action the limitations period continues to run for each plaintiff until he or she files written consent with the court to join the lawsuit. 29 U.S.C. § 256(b).

A district court may toll the limitations period to avoid inequitable circumstances, giving due consideration to whether the plaintiffs have acted with reasonable diligence in pursuing their claims and whether the circumstances are extraordinary enough to warrant equitable relief. *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002). "While plaintiffs wishing to pursue their rights cannot sit on them indefinitely, those whose putative class representatives and their counsel are diligently and timely pursuing the claims should also not be penalized due to the courts' heavy dockets and understandable delay in rulings." *McGlone v. Contract Callers*, Inc., 867 F.Supp.2d 438, 445 (S.D.N.Y. 2012).

Due to docket congestion this Court was unable to address Plaintiff's motion for some months after it was made. The claim should not be prejudiced by this delay. The statute of limitations will be tolled as of the date of the filing of Plaintiff's motion for conditional certification. The toll will end on the date Plaintiff sends the notice to potential opt-in plaintiffs.

13

## **CONCLUSION**

For the foregoing reasons, the court GRANTS Plaintiff's motion for conditional class certification and authorizes that notice be sent to potential class members in the form authorized by the Court pursuant to § 216(b) of the FLSA. Defendants are ordered to provide Plaintiff with the contact information detailed above for all potential collective action class members who have worked in the positions of cooks, dishwashers, grill workers, deli workers, sandwich preparers, salad preparers, cashiers, pizza makers and delivery persons at the Cafés for three years from the date of the filing of the action. Defendants are also ordered to post the authorized Notice along with opt-in forms in a conspicuous place within the Cafés.

The Clerk of the Court is directed to remove Docket No. 12 from the Court's list of pending motions.

Dated: December 10, 2015

Colle M. Mal

U.S.D.J.

BY ECF TO ALL COUNSEL

14